UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

In re:　　　　　　　　　　　　　　　　　　　　　　　Case No. 18-10327-12

Mark Eugene Johnson,

　　　Debtor.

## HIAWATHA NATIONAL BANK'S MOTION TO DISMISS

Creditor Hiawatha National Bank ("Hiawatha"), by its attorneys, Eckberg Lammers, P.C., hereby moves the Court for an Order dismissing the case pursuant to 11 U.S.C. § 1208 and in support thereof, respectfully states and alleges as follows:

### JURISDICTION AND VENUE

1.　　　This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, and Fed. R. Bankr. P. 5005. This is a core proceeding. Venue is appropriate before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.　　　The Petition commencing this case was filed on February 5, 2018, and the case is now pending in this Court.

3.　　　This motion arises under 11 U.S.C § 1208 and Fed. R. Bank. P. 1017 and 9014. Hiawatha requests dismissal of the bankruptcy case for cause.

### BACKGROUND

4.　　　Hiawatha extended loans to the Debtor and is the holder of one or more secured claims with an aggregate balance currently in excess of $2,670,000.

5.　　　Debtor filed a prior bankruptcy case on April 26, 2017, as case no. 17-11448. In that case, Debtor proposed a plan and two modifications, and the Court ultimately denied confirmation

1

for lack of feasibility by memorandum order dated January 12, 2018. Based upon the finding that the record before the Court indicated "the Debtor will never be able to propose a confirmable plan," the Court dismissed that case on January 30, 2018.

6. On January 31, 2018, Hiawatha obtained a Temporary Restraining Order from the Polk County Circuit Court in case no. 16 CV 83 prohibiting the Debtor from, among other things, transferring any of his property subject to a security interest of Hiawatha, and preserving the status quo until such time as the parties could come before the state court. That order scheduled a further hearing for Monday, February 5, 2018. Due to the Debtor's prior and unauthorized dissipation of the Bank's collateral, such relief was necessary and prudent.

7. That order was served on the Debtor on Thursday, February 1, 2018, and he indicated then to the Bank's officer and Sheriff's deputy that he would be seeking counsel and that there would be no further hearing before the state court.

8. On the morning of Monday, February 5, 2018, the parties had a telephone conference with Judge Tolan regarding scheduling. During that conference, Judge Tolan scheduled the injunction hearing for 4:00 p.m. or as soon as the matter could be heard, and the Bank's travel distance to Polk County for that hearing was specifically discussed. Prior to that conference, the state court was informed by the Debtor that he was on his way to meet with his attorney (at 11 a.m.) and sign papers, presumably for another bankruptcy filing. At 3:37 p.m., this case was commenced as a partial filing.

9. The Debtor has not filed his schedules and statements in this case and was not cooperative with Hiawatha's requests for information regarding his operations, transactions, and financial affairs during the pendency of his recently-dismissed case, nor did he provide the Trustee in that case with the required financial documents until the morning of the confirmation hearing.

10. The Debtor has now been in bankruptcy since April 2017 without any measurable progress toward confirming a plan. He has known since at least January 12, 2018 that his (prior) case would be dismissed, and from Hiawatha's perspective, there is no justification for a partial filing beyond hindering and delaying Hiawatha. The Debtor has not requested the consent or authority to use cash collateral, and this is a crucial planning time for the Debtor's farming operations.

## MOTION TO DISMISS

11. Section 1208(c) states that upon the request of a party in interest, the court may dismiss a case for "cause." The court "may find cause to dismiss where debtor 'lack[s] the ability to propose a confirmable Chapter 12 plan." *In re Johnson*, No. 17-11448, 2018 WL 401183, at *5 (Bankr. W.D. Wis. Jan. 12, 2018) (citation omitted). Dismissal for cause is appropriate where the court determines there is no reasonable prospect of the debtor confirming a plan. *Id. See also In re American Capital Equipment, LLC*, 688 F.3d 145, 161-62 (3d Cir. 2012); *In re Cedar Shore Resort, Inc.*, 235 F.3d 375, 381 (8th Cir. 2000) (noting section 1112(b) permits dismissal of a chapter 11 case when there is a lack of any realistic possibility of confirming a plan).

12. Debtor has not presented any evidence, or even any promise of evidence, of new or additional information or of a change in circumstances that would make a plan feasible in this case, following closely on the dismissal of the prior case. Unless Debtor can carry the burden to support a finding of feasibility, no plan will be in prospect and dismissal is appropriate.

13. In addition to feasibility, a further requirement of confirmation under Section 1225 is that a plan is proposed in good faith. Unless the Debtor shows changed circumstances, it can constitute a lack of good faith to refile a case under chapter 12 immediately following the failure of a prior case. *In re Szudera*, 269 B.R. 837, 844-45 (Bankr. D.N.D. 2001); *see also In re McKissie*,

103 B.R. 189, 192 (Bankr. N.D.Ill. 1989) (chapter 13).

14. All of Debtor's obligations to Hiawatha are in default, and the assets securing Hiawatha's loans are depreciating and in the possession of an adverse party. Hiawatha's collateral includes agricultural real estate, farm equipment, and farm products. Now is the time of year to make arrangements for planting crops, and Hiawatha seeks to keep the agricultural real estate in production to avoid waste, and in order to do so, it must act expeditiously regarding leasing the property. There is still an opportunity to sell or otherwise dispose of farm equipment for use in the upcoming season, and Hiawatha seeks to recover the equipment and dispose of it without missing the season to do so. Farm products are particularly susceptible to loss in value, for example, due to changes in market value, and to outright loss, for example, due to improper storage, and Hiawatha seeks to act expeditiously to protect its collateral from such risks, to the extent practicable. Further delay of even a few weeks could materially impair the value of Hiawatha's collateral.

15. Hiawatha respectfully requests dismissal of this case under 11 U.S.C. § 1208(c).

**ECKBERG LAMMERS, P.C.**

Dated: February 7, 2018

By: s/ Amanda K. Schlitz
Amanda K. Schlitz (#1099341)
*Attorneys for Hiawatha National Bank*
430 Second Street
Hudson, WI 54016
(715) 386-3733
aschlitz@eckberglammers.com